UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY D. HARRIS, JR.,
    Plaintiff,

v.                                                    Case No. 18-C-0234

JEREMY WESTRA et al.,
    Defendants.

## ORDER

Plaintiff Larry D. Harris, Jr., a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights by placing him in administrative confinement. He has paid the filing fee in full. This order screens his complaint. I will allow him to proceed on a procedural due process claim.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

Plaintiff, who is incarcerated at Waupan Correctional Institution, alleges that he is being kept in administrative confinement for reasons not authorized by statute or the Constitution. On March 10, 2016, plaintiff received a conduct report, CR #2646884, for "assault of an employee." Docket No. 1, at 3. On March 31, 2016, defendant Captain Westra acted as the hearing officer at plaintiff's hearing. He found plaintiff guilty and gave him a disposition of 360 days in disciplinary segregation.

On March 27, 2017, plaintiff was placed in temporary lockup pending an administrative confinement hearing. Plaintiff received a packet of material on April 5, 2017, that included a notice of review of administrative confinement, Captain Tritt's recommendation for plaintiff's initial placement in administrative confinement, and copies of several conduct reports, including CR #2646884. The administrative confinement review committee met on April 12, 2017, and was composed of Captain

2

Westra, serving as hearing officer, and defendants L. Bonis and C.O. Rosenthal. Bonis asked plaintiff if he had any criminal charges pending as a result of the assault on staff incident in CR #26466884, and plaintiff stated that he did. The review committee concluded that "the inmate has a very assaultive history with inmates and staff. It does not matter to him who he attacks. The inmate had no statement when asked. The committee agrees that administrative confinement is necessary." *Id.* at 5.

Plaintiff appealed the review committee's decision, arguing that reliance on Captain Tritt's report violated his due process and that having Captain Westra participate in the hearing deprived him of having an impartial decision-maker, as Westra was the hearing officer for CR #25466884. Defendant Warden Brian Foster affirmed the committee's decision on May 26, 2017. Plaintiff appealed Foster's decision to the DAI, defendant Administrator Weisgerber, who affirmed Foster's decision. On June 15, 2017, plaintiff filed a complaint through the prison's inmate grievance system. He challenged Captain Westra's presence on the review committee. The complaint was dismissed.

Plaintiff is serving a life sentence. He is not eligible for parole while on administrative confinement because performance in prison is a criterion for parole. According to plaintiff, Wisconsin does not limit how long an inmate can be placed in administrative confinement. His placement is to be reviewed every six months. At the time he filed his complaint, he had been in administrative confinement for nine months. The conditions of confinement he is subjected to while on administrative confinement include: extreme isolation; all meals taken alone in a cell; deprivation of environmental and sensory stimuli, as well as human contact; only seeing family visitors over video; confinement to his cell 23 hours per day; and one hour of exercise per day in a small

3

indoor case while wearing a restraint device. If he were in general population, he would be able to leave his cell for school or work; earn money by working; have human contact and two hours of exercise, including outdoor recreation; eat meals in a common area; and not be required to wear a restraint device outside of the cell.

In October 2017, plaintiff received a packet of materials that included a notice of review of administrative confinement; Captain Tritt's written recommendation for continued placement in administrative confinement; copies of conduct reports, including CR #26466884; and an inmate classification report. On October 4, 2017, the review committee held plaintiff's hearing. Captain Westra again served as the hearing officer, and defendants Ms. Frame and C.O. W. Schlwaltz also served on the committee. The review committee unanimously decided to continue plaintiff's placement in administrative confinement. Plaintiff appealed the decision and filed another grievance challenging Westra's role on the review committee. He alleges that he has been placed, and kept, in administrative confinement because Westra served as the hearing officer in CR # 26466884. Plaintiff seeks injunctive relief and monetary damages.

*Analysis*

A prisoner seeking to bring a procedural due process claim under § 1983 must show that he is being deprived of a protected interest in life, liberty, or property. *Wilkerson v. Austin*, 545 U.S. 209, 221 (2005). In some instances, a prisoner may be able to establish a liberty interest in avoiding time in administrative confinement. *See Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013). In the prison disciplinary context, due process requires that the prisoner receive (1) notice of the charges, (2) the opportunity to present evidence to an impartial decision-maker; and (3) a written

explanation for the discipline based on evidence in the record. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Plaintiff's complaint, construed in his favor, states a claim for a deprivation of procedural due process, and he may proceed against Westra, Bonis, Rosenthal, Schlwaltz, and Frame in their personal capacities.

Plaintiff also asks to proceed against Foster, Weisgerber, and Clements in their official capacities. In general, bringing a lawsuit against individuals in their official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978). As such, to state a claim against a defendant in his official capacity, a plaintiff must show that the deprivations were the result of a "custom" or "policy" of the entity of which the defendant is an agent. *Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985). Construing plaintiff's complaint broadly, I find that he has stated a claim that policies or procedures at the prison resulted in deficient administrative confinement review hearings. I will, however, dismiss defendants Weisgerber and Clements, as only one defendant is needed for an official capacity claim.

**THEREFORE**, **IT IS ORDERED** that defendants Weisgerber and Clements are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice (DOJ) and this court, copies of the complaint and this order are being electronically sent today to the DOJ for service on defendants Foster, Westra, Bonis, Rosenthal, Schlwaltz, and Frame.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the DOJ and this court, defendants Foster, Westra, Bonis, Rosenthal,

Schlwaltz, and Frame shall file a responsive pleading to the complaint within 60 days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the Waupun Correctional Institution.

**IT IS FURTHER ORDERED** that the parties not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court advises plaintiff to not mail anything directly to the judge's chambers, as this will only delay the processing of his submission. Each filing will be electronically scanned and entered on the docket upon receipt by the clerk, and defendants will be served electronically through the court's electronic case filing system, so plaintiff need not mail copies of his filings to defendants. Plaintiff should retain a personal copy of each document that he files with the court.

The court further advises plaintiff that failure to make a timely submission or to otherwise comply with any order of the court may result in the dismissal of this action. In addition, the parties must notify the Clerk of Court of change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 17th day of May, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge